No. 24-5566

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### GARY SANCHEZ,
*Plaintiff and Appellant,*

V.

### ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,
*Defendant and Appellee.*

**On Appeal from the United States District Court
for the Southern District of California**
No. 24-cv-767-RSH-MSB
Hon. Robert S. Huie, District Judge

## PLAINTIFF-APPELLANT'S RESPONSE TO DEFENDANT-APPELLEE'S OPPOSITION TO PLAINTIFF-APPELLANT'S MOTION FOR INJUNCTION PENDING APPEAL

GARY SANCHEZ
In Pro Per
5941 Rio Valle Dr
Bonsall, CA 92003



RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OCT 0 3 2024

FILED
DOCKETED
DATE        INITIAL

October 1, 2024

**I.** Out of ignorance Plaintiff failed to adhere to Rule 8 of this court, if the court must deny this motion let it be for this reason and not for any of the other reasons set forth by the Defendants.

**II.** Defendants argue that Plaintiff needs to fulfill the four requirements for an injunction, Plaintiff will lay out the reasoning for each requirement below:

    **1)** Likelihood of success on the merits does not need to be 100%, as *Roland Machinery Co. v. Dresser Indus., Inc.,* 749 F.2d 380, 387 (7th Cir. 1984) explains, a "better than negligible" chance of succeeding is enough to obtain a preliminary injunction.

    **2)** "a violation of a constitutional right constitutes irreparable injury…" *Gordon v. Holder*, 721 F.3d 638 (D.C. Cir. 2013). If we believe that the Second Amendment is not a "Second Class Right" then we must also treat it the same way we treat the First Amendment, that is to say: "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v Burns*, 427 U.S. 347, 373 (1976). If this court agrees that the Second Amendment is a Right equal to all others then this requirement is satisfied.

    **3)** Due to the reasoning set forth in the second requirement, the irreparable injury caused by the infringement of a right tips the balance of equities strongly in favor of the Plaintiff.

    **4)** An injunction in this case is in the public interest of advancing proficiency in arms and protecting the hearing of millions of Californians

**A.** Defendants point to "Dangerous and Unusual" many times as a point of fact, but as shown in the District Court Docket ECF No 13-1, Silencers are not unusual, since the threshold of 200,000 set in *Caetano v Massachusetts*, 577 U.S. 411 (2016) is more than satisfied. Because the item in question must be Dangerous *and* Unusual their argument here, is moot.

**B.** Being an almost exact copy paste of their argument in the District Court proceedings I will not waste the ink or the time of the Judges by re-stating arguments I made in the District Court.

1

1. "Thus, even though the Second Amendment's definition of "arms" is fixed according to its historical understanding, that general definition covers modern instruments that *facilitate* armed self defense." (emphasis added) *New York State Rifle and Pistol Assn v. Bruen* 597 U.S. 19 (2022). As shown an item need not be integral to the operation of a firearm but need only to *facilitate* armed self-defense. Silencers therefore are arms, QED.

2. The argument made by Defendants here is moot, as mentioned in this text in my rebuttal to section A and Section B1, Silencers are in "common use" when applying the *Caetano* test and the Defendants point to no evidence that Silencers are not in use for self-defense.

3. Just as in the District Court the Defendants argument does not point to any "relevantly similar" historical regulations to support it.

## CONCLUSION

The Court should grant Plaintiff's motion for an injunction pending appeal.


Dated: October 1, 2024                              Respectfully submitted,



                                                    Gary R. Sanchez
                                                    *In Pro Per*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** | 24-5566

I am the attorney or self-represented party.

**This brief contains** | 604 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

(●) complies with the word limit of Cir. R. 32-1.

( ) is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

( ) is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R.
29-2(c)(2), or Cir. R. 29-2(c)(3).

( ) is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

( ) complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

[ ] it is a joint brief submitted by separately represented parties.

[ ] a party or parties are filing a single brief in response to multiple briefs.

[ ] a party or parties are filing a single brief in response to a longer joint brief.

( ) complies with the length limit designated by court order dated [＿＿＿＿＿].

( ) is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | *Caeely Ceee* | **Date** | 10/1/2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8** | *Rev. 12/01/22*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 25. Certificate of Service for Paper Filing

---

**ATTENTION ELECTRONIC FILERS: DO NOT USE FORM 25**
Use Form 25 only if you are **not** registered for Appellate Electronic Filing.

**Instructions**
- You must attach a certificate of service to each document you send to the court and to opposing counsel.
- Include the title of the document you are serving, the name and address of each person you served with a copy of the document, and the date of mailing or hand delivery.
- Sign and date the certificate. You do not need to have the certificate notarized.
- Remember that you must send a copy of **all** documents and attachments to counsel for **each** party to this case.

---

**9th Cir. Case Number(s)** | 24-5566

**Case Name** | Sanchez v. Bonta

I certify that I served on the person(s) listed below, either by mail or hand delivery, a copy of the | Response to Defendants Opposition to Motion
and any attachments. *(title of document you are filing, such as Opening Brief, Motion for _ , etc.)*

**Signature** | *(signature)* | **Date** | 10/1/2024

| Name | Address | Date Served |
|---|---|---|
| Kevin L Quade | 1300 I Street, Suite 125 P.O. Box 944255 Sacramento, CA | 10/1/2024 |
| | | |
| | | |
| | | |

**Mail this form to the court at:**
Clerk, U.S. Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939
*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 25** | *Rev. 12/01/2018*

No. 24-5566

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GARY SANCHEZ,

*Plaintiff and Appellant,*

V.

ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,

*Defendant and Appellee.*

**On Appeal from the United States District Court**
**for the Southern District of California**
No. 24-cv-767-RSH-MSB
Hon. Robert S. Huie, District Judge

# PLAINTIFF-APPELLANT'S RESPONSE TO DEFENDANT-APPELLEE'S OPPOSITION TO PLAINTIFF-APPELLANT'S MOTION FOR INJUNCTION PENDING APPEAL

GARY SANCHEZ
In Pro Per
5941 Rio Valle Dr
Bonsall, CA 92003

October 1, 2024

**I.** Out of ignorance Plaintiff failed to adhere to Rule 8 of this court, if the court must deny this motion let it be for this reason and not for any of the other reasons set forth by the Defendants.

**II.** Defendants argue that Plaintiff needs to fulfill the four requirements for an injunction, Plaintiff will lay out the reasoning for each requirement below:

    **1)** Likelihood of success on the merits does not need to be 100%, as *Roland Machinery Co. v. Dresser Indus., Inc.,* 749 F.2d 380, 387 (7th Cir. 1984) explains, a "better than negligible" chance of succeeding is enough to obtain a preliminary injunction.

    **2)** "a violation of a constitutional right constitutes irreparable injury…" *Gordon v. Holder,* 721 F.3d 638 (D.C. Cir. 2013). If we believe that the Second Amendment is not a "Second Class Right" then we must also treat it the same way we treat the First Amendment, that is to say: "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v Burns,* 427 U.S. 347, 373 (1976). If this court agrees that the Second Amendment is a Right equal to all others then this requirement is satisfied.

    **3)** Due to the reasoning set forth in the second requirement, the irreparable injury caused by the infringement of a right tips the balance of equities strongly in favor of the Plaintiff.

    **4)** An injunction in this case is in the public interest of advancing proficiency in arms and protecting the hearing of millions of Californians

**A.** Defendants point to "Dangerous and Unusual" many times as a point of fact, but as shown in the District Court Docket ECF No 13-1, Silencers are not unusual, since the threshold of 200,000 set in *Caetano v Massachusetts,* 577 U.S. 411 (2016) is more than satisfied. Because the item in question must be Dangerous *and* Unusual their argument here, is moot.

**B.** Being an almost exact copy paste of their argument in the District Court proceedings I will not waste the ink or the time of the Judges by re-stating arguments I made in the District Court.

1. "Thus, even though the Second Amendment's definition of "arms" is fixed according to its historical understanding, that general definition covers modern instruments that *facilitate* armed self defense." (emphasis added) *New York State Rifle and Pistol Assn v. Bruen* 597 U.S. 19 (2022). As shown an item need not be integral to the operation of a firearm but need only to *facilitate* armed self-defense. Silencers therefore are arms, QED.

2. The argument made by Defendants here is moot, as mentioned in this text in my rebuttal to section A and Section B1, Silencers are in "common use" when applying the *Caetano* test and the Defendants point to no evidence that Silencers are not in use for self-defense.

3. Just as in the District Court the Defendants argument does not point to any "relevantly similar" historical regulations to support it.

## CONCLUSION

The Court should grant Plaintiff's motion for an injunction pending appeal.

Dated: October 1, 2024           Respectfully submitted,

Gary R. Sanchez
*In Pro Per*

2

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 24-5566

I am the attorney or self-represented party.

**This brief contains** 604 **words,** including 0 words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated _____ .

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** *Cooley Cool* **Date** 10/1/2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8** *Rev. 12/01/22*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
### Form 25. Certificate of Service for Paper Filing

**ATTENTION ELECTRONIC FILERS: DO NOT USE FORM 25**
Use Form 25 only if you are **not** registered for Appellate Electronic Filing.

**Instructions**
- You must attach a certificate of service to each document you send to the court and to opposing counsel.
- Include the title of the document you are serving, the name and address of each person you served with a copy of the document, and the date of mailing or hand delivery.
- Sign and date the certificate. You do not need to have the certificate notarized.
- Remember that you must send a copy of **all** documents and attachments to counsel for **each** party to this case.

**9th Cir. Case Number(s)** | 24-5566

**Case Name** | Sanchez v. Bonta

I certify that I served on the person(s) listed below, either by mail or hand delivery, a copy of the | Response to Defendants Opposition to Motion
and any attachments. | *(title of document you are filing, such as Opening Brief, Motion for ___, etc.)*

**Signature** | *(signature)* | **Date** | 10/1/2024

| Name | Address | Date Served |
|------|---------|-------------|
| Kevin L Quade | 1300 I Street, Suite 125 P.O. Box 944255 Sacramento, CA | 10/1/2024 |
|  |  |  |
|  |  |  |
|  |  |  |

***Mail this form to the court at:***
Clerk, U.S. Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939
*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 25** | *Rev. 12/01/2018*

No. 24-5566

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

GARY SANCHEZ,

*Plaintiff and Appellant,*

V.

ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,

*Defendant and Appellee.*

**On Appeal from the United States District Court
for the Southern District of California**
No. 24-cv-767-RSH-MSB
Hon. Robert S. Huie, District Judge

## PLAINTIFF-APPELLANT'S RESPONSE TO DEFENDANT-APPELLEE'S OPPOSITION TO PLAINTIFF-APPELLANT'S MOTION FOR INJUNCTION PENDING APPEAL

GARY SANCHEZ
In Pro Per
5941 Rio Valle Dr
Bonsall, CA 92003

October 1, 2024

I. Out of ignorance Plaintiff failed to adhere to Rule 8 of this court, if the court must deny this motion let it be for this reason and not for any of the other reasons set forth by the Defendants.

II. Defendants argue that Plaintiff needs to fulfill the four requirements for an injunction, Plaintiff will lay out the reasoning for each requirement below:

1) Likelihood of success on the merits does not need to be 100%, as *Roland Machinery Co. v. Dresser Indus., Inc.,* 749 F.2d 380, 387 (7th Cir. 1984) explains, a "better than negligible" chance of succeeding is enough to obtain a preliminary injunction.

2) "a violation of a constitutional right constitutes irreparable injury…" *Gordon v. Holder,* 721 F.3d 638 (D.C. Cir. 2013). If we believe that the Second Amendment is not a "Second Class Right" then we must also treat it the same way we treat the First Amendment, that is to say: "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v Burns,* 427 U.S. 347, 373 (1976). If this court agrees that the Second Amendment is a Right equal to all others then this requirement is satisfied.

3) Due to the reasoning set forth in the second requirement, the irreparable injury caused by the infringement of a right tips the balance of equities strongly in favor of the Plaintiff.

4) An injunction in this case is in the public interest of advancing proficiency in arms and protecting the hearing of millions of Californians

A. Defendants point to "Dangerous and Unusual" many times as a point of fact, but as shown in the District Court Docket ECF No 13-1, Silencers are not unusual, since the threshold of 200,000 set in *Caetano v Massachusetts,* 577 U.S. 411 (2016) is more than satisfied. Because the item in question must be Dangerous *and* Unusual their argument here, is moot.

B. Being an almost exact copy paste of their argument in the District Court proceedings I will not waste the ink or the time of the Judges by re-stating arguments I made in the District Court.

1

1. "Thus, even though the Second Amendment's definition of "arms" is fixed according to its historical understanding, that general definition covers modern instruments that *facilitate* armed self defense." (emphasis added) *New York State Rifle and Pistol Assn v. Bruen* 597 U.S. 19 (2022). As shown an item need not be integral to the operation of a firearm but need only to *facilitate* armed self-defense. Silencers therefore are arms, QED.

2. The argument made by Defendants here is moot, as mentioned in this text in my rebuttal to section A and Section B1, Silencers are in "common use" when applying the *Caetano* test and the Defendants point to no evidence that Silencers are not in use for self-defense.

3. Just as in the District Court the Defendants argument does not point to any "relevantly similar" historical regulations to support it.

## CONCLUSION

The Court should grant Plaintiff's motion for an injunction pending appeal.

Dated: October 1, 2024                    Respectfully submitted,

Gary R. Sanchez
*In Pro Per*

2

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 24-5566

I am the attorney or self-represented party.

**This brief contains** | 604 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

(●) complies with the word limit of Cir. R. 32-1.

( ) is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

( ) is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

( ) is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

( ) complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

[ ] it is a joint brief submitted by separately represented parties.
[ ] a party or parties are filing a single brief in response to multiple briefs.
[ ] a party or parties are filing a single brief in response to a longer joint brief.

( ) complies with the length limit designated by court order dated [                    ].

( ) is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | *Cooley Ce* | **Date** | 10/1/2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8** | *Rev. 12/01/22*

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 25. Certificate of Service for Paper Filing

**ATTENTION ELECTRONIC FILERS: DO NOT USE FORM 25**
Use Form 25 only if you are **not** registered for Appellate Electronic Filing.

**Instructions**
- You must attach a certificate of service to each document you send to the court and to opposing counsel.
- Include the title of the document you are serving, the name and address of each person you served with a copy of the document, and the date of mailing or hand delivery.
- Sign and date the certificate. You do not need to have the certificate notarized.
- Remember that you must send a copy of **all** documents and attachments to counsel for **each** party to this case.

**9th Cir. Case Number(s)** | 24-5566

**Case Name** | Sanchez v. Bonta

I certify that I served on the person(s) listed below, either by mail or hand delivery, a copy of the | Response to Defendants Opposition to Motion
and any attachments. *(title of document you are filing, such as Opening Brief, Motion for ___, etc.)*

**Signature** | _[signature]_  **Date** | 10/1/2024

| Name | Address | Date Served |
|---|---|---|
| Kevin L Quade | 1300 I Street, Suite 125 P.O. Box 944255 Sacramento, CA | 10/1/2024 |
| | | |
| | | |
| | | |

*Mail this form to the court at:*
Clerk, U.S. Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939
*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 25** | *Rev. 12/01/2018*