No. 24-5566

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GARY SANCHEZ,
  *Plaintiff and Appellant*,

V.

ROB BONTA, IN HIS OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,
  *Defendant and Appellee*.

**On Appeal from the United States District Court
for the Southern District of California**
No. 24-cv-767-RSH-MSB
Hon. Robert S. Huie, District Judge

## APPELLEE'S SUPPLEMENTAL EXCERPTS OF RECORD
## VOLUME 1 OF 2

ROB BONTA
  *Attorney General of California*
THOMAS S. PATTERSON
  *Senior Assistant Attorney General*
R. MATTHEW WISE
JOHN D. ECHEVERRIA
  *Supervising Deputy Attorneys General*

KEVIN L. QUADE
  *Deputy Attorney General*
CALIFORNIA DEPARTMENT OF JUSTICE
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7693
E-mail: Kevin.Quade@doj.ca.gov
  *Attorneys for Defendant and Appellee*



# United States District Court

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gary R Sanchez | Civil Action No. 24-cv-0767-RSH-MSB |
| Plaintiff, | |
| V. | |
| Rob Bonta, in his official capacity as Attorney General of the State of California | **JUDGMENT IN A CIVIL CASE** |
| Defendant. | |

**Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED:

The Court GRANTS Defendant's motion to dismiss. The Complaint is DISMISSED without leave to amend, the case is hereby closed.

| | |
|---|---|
| Date:  8/28/24 | CLERK OF COURT<br>JOHN MORRILL, Clerk of Court<br>By: s/ S. Nyamanjiva<br>S. Nyamanjiva, Deputy |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GARY R. SANCHEZ, | Case No.: 24-cv-767-RSH-MSB |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| ROB BONTA, in his official capacity as Attorney General of the State of California, | [ECF No. 11] |
| Defendant. | |

On June 24, 2024, Defendant filed a motion to dismiss Plaintiff's Complaint. ECF No. 11. For the reasons below, the Court grants the motion.

## I. BACKGROUND

On April 29, 2024, plaintiff Gary Sanchez, proceeding pro se, filed this lawsuit against the Attorney General of California. ECF No. 1. Plaintiff's Complaint challenges the constitutionality of California Penal Code § 33410 ("Section 33410"), which provides that possession of a silencer is a felony offense. Plaintiff's Complaint alleges that this statute, on its face, violates the Second Amendment to the U.S. Constitution, as

1  incorporated by the Fourteenth Amendment.[1] ECF No. 1. The Complaint seeks a judicial
2  declaration that Section 33410 is unconstitutional on its face, as well as an injunction
3  preventing Defendant from "enforcing Section 33410 in its entirety."[2] *Id.*
4       On June 24, 2024, Defendant moved to dismiss the Complaint for failure to state a
5  claim. ECF No. 11. The motion is fully briefed. ECF Nos. 13, 15.

6  **II.    LEGAL STANDARD**

7       A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim."
8  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and
9  plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.
10 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is
11 plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R.
12 Civ. P. 12(b)(6). The plausibility standard demands more than a "formulaic recitation of
13 the elements of a cause of action," or "'naked assertions' devoid of 'further factual
14 enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S.
15 at 555, 557). Instead, a complaint "must contain sufficient allegations of underlying facts
16 to give fair notice and to enable the opposing party to defend itself effectively." *Starr v.*
17 *Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

---

[1]  Section 33410 provides: "Any person, firm, or corporation within this state possesses a silencer is guilty of a felony and upon conviction thereof shall be punished by imprisonment . . . or by a fine not to exceed ten thousand dollars . . . or by both that fine and imprisonment." Under California Penal Code § 17210, a "silencer" is defined as "any device or attachment of any kind designed, used, or intended for use in silencing, diminishing, or muffling the report of a firearm," including "any combination of parts, designed or redesigned, and intended for use in assembling a silencer or fabricating a silencer and any part intended only for use in assembly or fabrication of a silencer."

[2]  The Complaint attaches documents reflecting that on April 29, 2024, Plaintiff had applied to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") for authorization to create a 3D-printed silencer for use with 5.56 caliber rounds. ECF No.1-2 at 1. The ATF rejected his application as inconsistent with California law. *Id.* at 8.

When reviewing a motion to dismiss under Rule 12(b)(6), courts assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). But a court "disregard[s] '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Likewise, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) (citing *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)). "After eliminating such unsupported legal conclusions, [courts] identify 'well-pleaded factual allegations,' which [are] assume[d] to be true, 'and then [courts] determine whether they plausibly give rise to an entitlement to relief.'" *Telesaurus VPC*, 623 F.3d at 1003. Dismissal under Rule 12(b)(6) is proper where there is no cognizable legal theory to support the claim or when there is an absence of sufficient factual allegations to support a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

A facial challenge to the constitutionality of a statute "is the 'most difficult challenge to mount successfully,' because it requires [the challenger] to 'establish that no set of circumstances exists under which the Act would be valid.'" *United States v. Rahimi*, 144 S. Ct. 1889, 1897 (2024) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). The government "need only demonstrate that [the statute] is constitutional in some of its applications." *Id.*

### III. ANALYSIS

#### A. The Second Amendment

The Second Amendment to the U.S. Constitution guarantees: "[T]he right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the U.S. Supreme Court held that this amendment

1  "guarantee[s] the individual right to possess and carry weapons in case of confrontation,"
2  *id.* at 592, while noting that this right, like most others, is subject to limits, *id.* at 626.
3  Thereafter, in *State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S. Ct. 2111 (2022), the Supreme
4  Court adopted the following standard for analyzing Second Amendment challenges:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

*Id.* at 2126 (internal quotation marks omitted).

The plain text of the Second Amendment covers the right to keep and bear "Arms." *Heller* observed that "[t]he 18-century meaning [of "Arms"] is no different from the meaning of today," and offered two eighteenth-century definitions: "[w]eapons of offence, or armour of defence," and "any thing that a man wears for his defence, or takes into his hands, or useth in wrath to cast at or strike another." 554 U.S. at 581. The Court stated that "the Second Amendment extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding." *Id.* 582; *accord Rahimi*, 144 S. Ct. at 1897.

B.  **Silencers Are Not "Arms"**

Defendant argues, as a threshold matter, that silencers are not "Arms" and are therefore outside the scope of the Second Amendment's protection. ECF No. 11-1 at 14. Defendant contends that a silencer has no inherent offensive or defensive capability, but rather is an accessory that is not necessary to the operation of a firearm. *Id.* at 15-16. The Complaint alleges that "accessories for arms are arms themselves," ECF No. 1 at 2, and Plaintiff's opposition contends that silencers are arms because they can be used in both offensive and defensive situations, ECF No. 13 at 2. Plaintiff argues that silencers reduce

1  recoil and muzzle flash, thereby improving marksmanship; and that they help the user
2  maintain a hidden position while retaining the ability to hear the user's surroundings. *Id*.
3        Numerous courts have held, post-*Bruen*, that silencers are not "Arms" protected by
4  the Second Amendment. *See United States v. Cox*, 906 F.3d 1170, 1186 (10th Cir. 2018)
5  ("A silencer is a firearm accessory; it's not a weapon in itself (nor is it 'armour of defence').
6  Accordingly, it can't be a 'bearable arm' protected by the Second Amendment."); *United*
7  *States v. Berger*, --- F. Supp. 3d ---, 2024 WL 449247, at *17 (E.D. Pa. Feb. 6, 2024)
8  ("[T]he Court joins the other federal courts to have squarely addressed whether silencers
9  are 'Arms' under the Second Amendment in concluding a silencer is not a bearable 'Arm'
10 under the Second Amendment because it is merely an accessory which is unnecessary to
11 the essential operation of a firearm."); *Capen v. Campbell*, --- F. Supp. 3d ---, 2023 WL
12 8851005, at *17 (D. Mass. Dec. 21, 2023) ("[S]ome accessories, such as silencers, do not
13 affect the essential operation of a weapon and so do not fall within the scope of the Second
14 Amendment's protection."); *United States v. Peterson*, No. 22-231, 2023 WL 5383664, at
15 *2 (E.D. La. Aug. 21, 2023) ("A silencer is not a 'weapon of offence or an armour of
16 defence' because it cannot on its own cause any harm and is not useful independent of its
17 attachment to a firearm. Consequently, silencers are not bearable arms within the score of
18 the Second Amendment even in light of *Bruen* or its progeny."); *United States v.*
19 *Cooperman*, No. 22-CR-146, 2023 WL 4762710, at *1 (N.D. Ill. July 26, 2023) ("The plain
20 text of the Second Amendment does not protect accessories that are not bearable arms,
21 such as silencers."); *Cox v. United States*, No. CR11-22RJB, 2023 WL 4203261, at *7 (D.
22 Alaska June 27, 2023) ("Silencers are firearms accessories and not 'arms' for purposes of
23 Second Amendment Protection."); *United States v. Villalobos*, No. 19-cr-40, 2023 WL
24 3044770, at *12 (D. Idaho Apr. 21, 2023) ("[S]ilencers are not bearable arms within the
25 meaning of the Second Amendment and are not constitutionally protected."); *United States*
26 *v. Saleem*, 659 F. Supp. 3d 683, 695 (W.D.N.C. 2023) (("[S]ilencers are not 'bearable arms'
27
28

within the meaning of the Second Amendment."). The Court is not aware of any court reaching the opposite conclusion.

The Court agrees with the conclusion and reasoning of the cases cited above. A silencer is neither a weapon in itself, nor a defensive armor. As Plaintiff concedes, it is an accessory. Nor does Plaintiff dispute that, unlike ammunition, a silencer is an accessory unnecessary to the essential operation of a firearm—however desirable the silencer may be to a user in reducing noise, flash, or recoil, or in allowing the user to stay hidden while firing. *See Cox*, 906 F.3d at 1186 (rejecting arguments that silencers merit Second Amendment protection because they protect the shooter's hearing, reduce "muzzle flinch" and disorientation, enhance shooting accuracy, and save time in a defense situation; silencers are nonetheless accessories rather than "bearable arms"). The Court concludes that silencers are not "bearable arms" for purposes of the Second Amendment. Accordingly, Plaintiff's facial constitutional challenge to Section 33410 fails to state a claim.[3]

### C. Leave to Amend

Defendant requests dismissal without leave to amend. ECF No. 11-1 at 31. Plaintiff has not requested leave to amend.

Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave [to amend] when justice so requires." "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir.1988)). Applying this standard, it is clear to the Court that the deficiency identified herein cannot be cured by amendment. Accordingly, the dismissal is without leave to amend.

---

[3] In light of this ruling, the Court declines to address Defendant's alternative arguments for dismissal.

(9 of 9), Page 9 of 9    Case: 24-5566, 12/20/2024, DktEntry: 14.2, Page 9 of 9
Case 3:24-cv-00767-RSH-MSB    Document 17    Filed 08/28/24    PageID.404    Page 7 of 7

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss. The Complaint is **DISMISSED** without leave to amend. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: August 28, 2024

_____
Hon. Robert S. Huie
United States District Judge

7
SER-009
24-cv-767-RSH-MSB