# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

David H. Thompson
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

June 10, 2026

**<u>Via Appellate Case Management System</u>**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
111 South 10th Street
P.O. Box 193939
San Francisco, CA 94119-3939

> Re: *Sanchez v. Bonta*, **No. 24-5566, Appellant's Response to Appellee's Citation of Supplemental Authority (argued and submitted to Bybee, Lee, and De Alba, JJ., on November 18, 2025)**

Dear Ms. Dwyer,

The Government argues that *United States v. DeBorba*, No. 24-3304, 2026 WL 1587553 (9th Cir. Jun. 3, 2026), is "pertinent" to whether suppressors are covered by the Second Amendment's plain text. Dkt.67. As the Government implicitly concedes, *DeBorba* does not control the outcome of this appeal.

First, while *DeBorba* concluded that suppressors are unnecessary for operation of firearms *generally*, *see* 2026 WL 1587553, at \*4, it did not address whether they are necessary for operation of *suppressed* firearms, the proper question under *Duncan v. Bonta*, 133 F.4th 852 (9th Cir. 2025). Just as a magazine is necessary to operate firearms that require magazines, *id.* at 867-68, suppressors are necessary to operate suppressed firearms. *See* Opening.Br.20.

Second, *DeBorba* did not address Appellant's alternative theory that banning suppressors "meaningfully constrains" the exercise of Second Amendment rights

# Cooper & Kirk
### Lawyers

Molly Dwyer, Clerk
June 10, 2026
Page 2 of 3

by denying access to the hearing and disorientation benefits provided by suppressors and therefore implicates the Amendment's plain text. *See B&L Prods., Inc. v. Newsom*, 104 F.4th 108, 119 (9th Cir. 2024); Opening.Br.3-4, 35-37; OA at 0:58-3:00. That theory thus remains an open one.

This Court should not overread *DeBorba*'s brief plain text discussion. The issue was not disputed because the United States conceded that the plain text covers suppressors. Appellee's.Suppl.Br. at 5-6, *United States v. DeBorba*, No. 24-3304 (9th Cir. May 30, 2025), Dkt.No.53.1. Nor was *DeBorba*'s plain text discussion essential to its outcome, as *DeBorba* also rested on an independent holding. *See* 2026 WL 1587553, at *5.

Nevertheless, if the panel concludes that *DeBorba* binds it notwithstanding these arguments but it would have resolved the plain-text issue differently were it not so bound, or if the panel believes the issue deserves more fulsome treatment than *DeBorba* gave it, the panel could: (a) propose to the *DeBorba* panel that it amend its opinion to not address the plain-text issue, *cf. United States v. Peterson*, 161 F.4th 331 (5th Cir. 2025); *see* CA9 IOP 5.3(b); (b) call for this appeal to be heard initially en banc, *see* CA9 IOP 5.2; or (c) call for *DeBorba* to be reheard en banc, *see* CA9 IOP 5.4(c).

Respectfully submitted,

<u>/s/ David H. Thompson</u>

| | |
|---|---|
| C.D. Michel | David H. Thompson |
| Anna M. Barvir | Peter A. Patterson |
| Konstadinos T. Moros | Athanasia O. Livas |
| MICHEL & ASSOCIATES, PC | COOPER & KIRK, PLLC |
| 180 E Ocean Boulevard | 1523 New Hampshire Avenue, N.W. |
| Suite 200 | Washington, DC 20036 |
| Long Beach, CA 90802 | (202) 220-9600 |
| cmichel@michellawyers.com | dthompson@cooperkirk.com |

# Cooper & Kirk
### Lawyers

Molly Dwyer, Clerk
June 10, 2026
Page 3 of 3


cc: All counsel of record (via ACMS)