# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

David H. Thompson
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

(202) 220-9600
Fax (202) 220-9601

June 25, 2026

**<u>Via Appellate Case Management System</u>**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
111 South 10th Street
P.O. Box 193939
San Francisco, CA 94119-3939

> **Re: *Sanchez v. Bonta*, No. 24-5566**
> **Appellant's Citation of Supplemental Authority**
> **Argued and submitted to Bybee, Lee, and De Alba, JJ., on Nov. 18, 2025**

Dear Ms. Dwyer,

The U.S. Court of Appeals for the Fifth Circuit has now held that suppressors are "Arms" protected by the full force of the Second Amendment. *United States v. Comeaux*, No. 24-30307, 2026 WL 1758170 (5th Cir. June 18, 2026) (attached as Exhibit A).

The Court explained that "[u]nder the Second Amendment, 'Arms' comprises 'weapons of offence,' 'armour of defence,' and 'anything that a man wears for his defence, . . . takes into his hands, or useth in wrath to cast at or strike another.'" *Id.* at *3 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 581 (2008)). Put simply: "[s]ilencers fit that definition." *Id.* And "[s]ilencers lead to 'reduced loudness (and reduced risk of hearing loss), lower recoil from the firearm, elimination of muzzle blast, increased accuracy, and faster follow-up shots.'" *Id*. "Those are all critical functions that make firearms both safer and more effective for their core lawful purpose of self[-]defense." *Id.*

# Cooper & Kirk
### Lawyers

Molly Dwyer, Clerk
June 25, 2026
Page 2 of 2

The Fifth Circuit correctly noted that the Supreme Court in *Bruen* held that "Second Amendment 'Arms' need not be *necessary* for a firearm's functioning but instead must only '*facilitate* armed self-defense.'" *Id.* at \*4 (emphases in original). The Fifth Circuit thus rejected a threshold "necessary" requirement to the Second Amendment's application. *Contra Duncan v. Bonta*, 133 F.4th 852, 868 (9th Cir. 2025) (en banc).

Of course, *Duncan* controls in this Circuit. But the Fifth Circuit's reasoning supports Plaintiff's alternative argument that California's ban implicates the Second Amendment  because it recognizes the utility of suppressors in reducing the risk of hearing loss, lowering recoil, eliminating muzzle blast, and increasing speed and accuracy. Bearing a firearm safely and effectively is a critical facet of the right to bear arms, which is meaningfully constrained under the State's suppressor ban. *See B&L Prods., Inc. v. Newsom*, 104 F.4th 108, 119 (9th Cir. 2024); Opening. Br. at 3–4, 35–37; Oral Argument Tr. at 0:58-3:00 (Nov. 18, 2025).

Respectfully submitted,

/s/ David H. Thompson

C.D. Michel
Anna M. Barvir
MICHEL & ASSOCIATES, PC
180 E Ocean Boulevard
Suite 200
Long Beach, CA 90802
cmichel@michellawyers.com

David H. Thompson
Peter A. Patterson
Athanasia O. Livas
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com

cc: All counsel of record (via ACMS)