

**CALIFORNIA**
**DEPARTMENT OF JUSTICE**

**Rob Bonta**
**Attorney General**

1300 I STREET, SUITE 125
SACRAMENTO, CA 95814

Public: (916) 445-9555
Telephone: (916) 210-7693
Facsimile: (916) 324-8835
E-Mail: Kevin.Quade@doj.ca.gov

July 13, 2026

**Via Appellate Case Management System (ACMS)**
Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE:   *Sanchez v. Bonta*, Case No. 24-5566
      Appellee's Response to Appellant's Citation of Supplemental Authority
      Pursuant to Federal Rule of Appellate Procedure 28(j)

Dear Ms. Dwyer:

Appellant overreads *Wolford v. Lopez*, 609 U.S. __, 2026 WL 1825723 (June 25, 2026) by arguing it "confirms that the use of suppressed firearms is protected by the Second Amendment." Dkt. 71.1 at 1. *Wolford* conducted a historical analysis to evaluate restrictions on carrying handguns in public for self-defense. 2026 WL 1825723, at *9. *Wolford* did not evaluate what accessories, if any, fall within the Second Amendment's plain text or otherwise "abrogate[]" decisions conducting that analysis. *Contra* Dkt. 71.1 at 2. This case, by contrast, concerns restrictions on firearm silencers.

July 13, 2026
Page 2

*Wolford* reiterated that the analysis required by *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), "involves two steps."  2026 WL 1825723, at *6.  The first "entails three subsidiary questions":  does the law apply to "the people"; concern "any form of 'Arms,'"; and place "any restrictions on the 'keeping' (*i.e.*, possession) or the 'bearing' (*i.e.*, carrying) of arms."  *Id*.  If the answer to all three questions is "yes," the law falls "within the plain text of the Second Amendment" and is "presumptively unconstitutional."  *Id.*  The Supreme Court concluded that step one was "easily met" in *Wolford* because the challenged law directly regulated the carrying of firearms in public.  *Id.* at *9–10.

The Court did not address the central question in this case—whether possession of a silencer (a firearm accessory) is covered by the Second Amendment's plain text, either as an "Arm" itself or an item necessary to the functioning of a firearm.  Nothing in *Wolford* remotely supports an argument that silencers are either an arm or a necessary component of a firearm.  *Wolford* thus did not "effectively overrule[]" the circuit precedent that controls this case.  *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc).  And under those precedents, possession of these accessories is not protected by the Second Amendment's plain text because they do not cast at or strike another and are not

July 13, 2026
Page 3

required for ordinary firearm operation.  *See* Dkt. 49.1 at 23–31; *accord Duncan v. Bonta*, 133 F.4th 852, 867–868 (9th Cir. 2025) (en banc).

Sincerely,

*/s/ Kevin L. Quade*

KEVIN L. QUADE
Deputy Attorney General

For   ROB BONTA
Attorney General

cc: All counsel of record (by ACMS)

# CERTIFICATE OF SERVICE

Case Name:  **Sanchez v. Bonta**  No.  **24-5566**

I hereby certify that on July 13, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ACMS system:

**Appellee's Response to Appellant's Citation of Supplemental Authority Pursuant to Federal Rule of Appellate Procedure 28(j)**

I certify that **all** participants in the case are registered CM/ACMS users and that service will be accomplished by the CM/ACMS system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 13, 2026, at Sacramento, California.

|  |  |
|---|---|
| Kevin L. Quade | */s/ Kevin L. Quade* |
| Declarant | Signature |